FILED

JUN 2 2 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21-30092-SPM |
| | ) | |
| vs. | ) | Title 18, United States Code, Sections |
| | ) | 1028A, 1341, and 1349 |
| TALFANITA M. COBB, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**INDICTMENT**

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**Conspiracy to Commit Mail Fraud – 18 U.S.C. §1349**

1. At times material to this indictment:

    a. The Social Security Act of 1935 established a national Unemployment Insurance program. Unemployment insurance was funded by both federal and state payroll taxes. Each state received federal funding to administer its own unemployment insurance program. Each state set its own eligibility requirements and benefit amounts.

    b. In Arizona, the unemployment insurance program was administered by the Arizona Department of Employment Security ("Arizona DES"). In Ohio, the unemployment insurance program was administered by the Department of Jobs and Family Services ("Ohio DJFS"). In Texas, the unemployment insurance program was administered by the Texas Workforce Commission.

    c. In response to the surge in unemployment caused by the COVID-19 pandemic, the United States government enacted several laws which provided additional funding

for unemployment benefits. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was signed into law. The CARES Act provided additional unemployment funding known as Federal Pandemic Unemployment Compensation ("FPUC"). FPUC funding permitted the states to pay an additional $600 per week to individuals who were receiving unemployment benefits.

       d.     The Consolidated Appropriations Act of 2021, signed into law on December 27, 2020, extended the FPUC payments, at the rate of $300 per week, after the original FPUC funding expired.

       2.     Beginning on at least September 15, 2020, and continuing until at least January 29, 2021, in the Southern District of Illinois, and elsewhere, the defendant,

TALFANITA M. COBB,

and others both known and unknown to the Grand Jury, did knowingly and willfully conspire to commit an offense against the United States, namely to devise and participate in a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme, and attempting to do so, knowingly to cause to be delivered by United States mail certain items to an address located in the Southern District of Illinois, in violation of Title 18, United States Code, Section 1341.

       3.     It was the object of this conspiracy and scheme to defraud that COBB and her co-conspirators would receive more than $800,000 from the Arizona DES, more than $45,000 from the Ohio DJFS, and more than $5,000 from the Texas Workforce Commission, in unemployment benefits, including FPUC payments, using stolen identities.

4.     As part of the conspiracy and scheme to defraud, COBB'S co-conspirators obtained stolen identities of multiple victims, including the victims' names, dates of birth, and social security numbers.

5.     It was further a part of the conspiracy and scheme to defraud that COBB's co-conspirators used the stolen identities to apply for unemployment benefits with the Arizona DES, the Ohio DJFS, and the Texas Workforce Commission.

6.     It was further a part of the conspiracy and scheme to defraud that COBB's co-conspirators listed COBB's address on N. 74th Street in East St. Louis, Illinois, as the home address of each of the victims in whose names they had fraudulently applied for unemployment benefits.

7.     It was further a part of the conspiracy and scheme to defraud that information relating to the fraudulent unemployment claims, and debit cards onto which unemployment benefits had been loaded, were mailed to COBB's address on N. 74th Street in East St. Louis.

8.     It was further a part of the conspiracy and scheme to defraud that COBB's co-conspirators activated the debit cards and set up Personal Identification Numbers ("PINs") for the cards.

9.     It was further a part of the conspiracy and scheme to defraud that COBB's co-conspirators provided the PINs to COBB and instructed her to withdraw funds from the debit cards.

10.    It was further a part of the conspiracy and scheme to defraud that COBB went to Automated Teller Machines ("ATMs") located in the Belleville, Fairview Heights, and O'Fallon in Illinois, as well as ATMs located in St. Louis, Missouri, and withdrew funds from the fraudulently obtained unemployment debit cards.

11. It was further a part of the conspiracy and scheme to defraud that COBB's co-conspirators occasionally caused fraudulently obtained unemployment benefits to be deposited directly into one of COBB's bank accounts.

12. It was further a part of the conspiracy and scheme to defraud that COBB transferred a significant portion of the fraudulently obtained unemployment benefit funds to her co-conspirators using Bitcoin exchanges.

13. It was further a part of the conspiracy and scheme to defraud that COBB kept a percentage of the fraudulently obtained unemployment funds as her personal profit.

14. In furtherance of and as a foreseeable consequence of the conspiracy, COBB and her co-conspirators caused items to be delivered by United States mail to an address located in the Southern District of Illinois;

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
### Mail Fraud – 18 U.S.C. § 1341

1. Paragraphs 1 and 3 through 13 of Count One of this indictment are realleged here.

2. On or about October 7, 2020, at St. Clair County, within the Southern District of Illinois, defendant

TALFANITA M. COBB,

for the purpose of executing the scheme to defraud described in Count One, and attempting to do so, knowingly did cause to be delivered by mail an envelope containing an Arizona DES unemployment benefits VISA debit card, issued in the name of a victim with the initials B.P., that envelope being addressed to COBB's address on N. 72nd Street in East St. Louis, IL 62003;

In violation of Title 18, United States Code, Section 1341.

## COUNT THREE
### (Aggravated Identity Theft – 18 U.S.C. § 1028A(a)(1))

On or about October 22, 2020, at St. Clair County, within the Southern District of Illinois,

**TALFANITA M. COBB,**

defendant herein, knowingly used, without lawful authority, a means of identification of another person, specifically the name of victim B.P., and COBB's use of that means of identification was during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028(c), namely the mail fraud and conspiracy to commit mail fraud offenses charged in Counts One and Two, and COBB knew that B.P.'s name belonged to another actual person;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT FOUR
### Mail Fraud – 18 U.S.C. § 1341

1. Paragraphs 1 and 3 through 13 of Count One of this indictment are realleged here.

2. On or about November 17, 2020, at St. Clair County, within the Southern District of Illinois, defendant

**TALFANITA M. COBB,**

for the purpose of executing the scheme to defraud described in Count One, and attempting to do so, knowingly did cause to be delivered by mail an envelope containing an Arizona DES unemployment benefits replacement VISA debit card, issued in the name of a victim with the initials J.S. ("J.S.1"), that envelope being addressed to COBB's address on N. 72nd Street in East St. Louis, IL 62003;

In violation of Title 18, United States Code, Section 1341.

## COUNT FIVE
### (Aggravated Identity Theft – 18 U.S.C. § 1028A(a)(1))

On or about November 20, 2020, at St. Clair County, within the Southern District of Illinois,

### TALFANITA M. COBB,

defendant herein, knowingly used, without lawful authority, a means of identification of another person, specifically the name of victim J.S.1, and COBB's use of that means of identification was during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028(c), namely the mail fraud and conspiracy to commit mail fraud offenses charged in Counts One and Four, and COBB knew that J.S.1's name belonged to another actual person;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT SIX
### Mail Fraud – 18 U.S.C. § 1341

1. Paragraphs 1 and 3 through 13 of Count One of this indictment are realleged here.

2. On or about November 18, 2020, at St. Clair County, within the Southern District of Illinois, defendant

### TALFANITA M. COBB,

for the purpose of executing the scheme to defraud described in Count One, and attempting to do so, knowingly did cause to be delivered by mail an envelope containing an Arizona DES unemployment benefits VISA debit card, issued in the name of another victim with the initials J.S. ("J.S.2"), that envelope being addressed to COBB's address on N. 72nd Street in East St. Louis, IL 62003;

In violation of Title 18, United States Code, Section 1341.

## COUNT SEVEN
### (Aggravated Identity Theft – 18 U.S.C. § 1028A(a)(1))

On or about December 16, 2020, at St. Clair County, within the Southern District of Illinois,

TALFANITA M. COBB,

defendant herein, knowingly used, without lawful authority, a means of identification of another person, specifically the name of victim J.S.2, and COBB's use of that means of identification was during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028(c), namely the mail fraud and conspiracy to commit mail fraud offenses charged in Counts One and Six, and COBB knew that J.S.2's name belonged to another actual person;

In violation of Title 18, United States Code, Section 1028A(a)(1).

A TRUE BILL

FOREPERSON

Digitally signed by STEVEN WEINHOEFT
Date: 2021.06.14 14:20:55 -05'00'

_____
STEVEN D. WEINHOEFT
United States Attorney

_____
SCOTT A. VERSEMAN
Assistant United States Attorney

Recommended bond: _____ $10,000 Unsecured _____

7